UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JERRY KRATZ,

    Plaintiff,

v.                                  Case No:  3:16-cv-331-J-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Jerry Kratz, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

**A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB on July 20, 2012, alleging a disability onset date of March 14, 2011. (Tr. 190-91). Plaintiff's application was denied initially on August 29, 2012, and upon reconsideration on November 13, 2012. (Tr. 110-14, 117-21). Plaintiff requested a hearing and, on April 16, 2014, an administrative hearing was held before Administrative Law Judge M. Hart ("the ALJ"). (Tr. 31-83). On June 27, 2014, the ALJ entered a decision finding that Plaintiff was not under a disability from March 14, 2011, through the date of the decision. (Tr. 15-30). Plaintiff filed a request for review which the Appeals Council denied on January 28, 2016. (Tr. 1-7). Plaintiff initiated this action by filing a Complaint (Doc. 1) on March 21, 2016.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 14, 2011, the alleged onset date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: status post left wrist open reduction internal fixation repair and mild left carpal tunnel syndrome. (Tr. 17). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or

medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) except he is limited to no climbing of ladders, ropes and scaffolds. He is limited to no more than frequent climbing ramps and stairs and to no more than frequent reaching, overhead reaching, handling objects (defined as gross manipulation), and fingering (defined as fine manipulation) of the left upper extremity. He is right hand dominant. The claimant must avoid concentrated exposure to the use of moving machinery and to unprotected heights.

(Tr. 18). At step four, the ALJ relied on the testimony of a vocational expert to find that Plaintiff is capable of performing his past relevant work as a security officer as that occupation is actually and generally performed. (Tr. 24). The ALJ found that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 24).

Despite finding that Plaintiff was capable of performing his past relevant work, the ALJ proceeded to step five and made the alternative finding that Plaintiff is capable of performing such jobs as gate attendant, mail clerk, and parking lot cashier. (Tr. 25). The ALJ concluded that Plaintiff had not been under a disability from March 14, 2011, through the date of the decision, June 27, 2014. (Tr. 26).

**II.    Analysis**

Plaintiff argues that the ALJ erred by not assigning weight to the opinions of Ismail Salahi, D.O., Plaintiff's treating physician. (Doc. 14 p. 8). Plaintiff contends that while the ALJ did weigh the assessment given by Dr. Salahi on April 3, 2014, the ALJ failed to state the weight given to the opinions contained in his office notes. (Doc. 14 p. 8). In addition, Plaintiff argues that

substantial evidence does not support the ALJ's discounting of Dr. Salahi's April 2014 opinion. (Doc. 14 p. 10-11, 15).

In response, Defendant argues that the ALJ properly considered and weighed the opinion evidence in determining Plaintiff's RFC. (Doc. 18 p. 6). Defendant argues that the ALJ explicitly considered Dr. Salahi's treatment notes and physical capacities evaluation in his decision and identified the weight he gave to Dr. Salahi's opinions. (Doc. 18 p. 7).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has held that good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or

examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

In this case, the Court finds no error in the ALJ's treatment of the notes and opinion from Dr. Salahi. In her decision, the ALJ thoroughly summarized Dr. Salahi's treatment notes. (Tr. 20-22). After doing so, the ALJ specifically weighed Dr. Salahi's April 2014 opinion as follows:

> In a physical capacities evaluation dated April 2014, Dr. Salahi opines to the following claimant abilities: occasionally and frequently lift and carry 10 pounds with the left extremity only; sit a total of 6 hours in an 8-hour workday; unlimited push/pull, other than as shown for lift and/or carry; frequently climbing, balancing, stooping, kneeling and crawling; unlimited reaching all directions; limited handling, fingering, and feeling; and no environmental limitations (Exhibit 9F0. Dr. Salahi opined that the claimant does not need to lie down at unpredictable intervals during a work shift. He opines that the claimant is able to perform sedentary work on a regular and continuing basis and that the claimant will be totally unable to perform even sedentary work zero to 1 day per month. The undersigned gives little weight to the portion of the opinion limiting the claimant to lifting and carrying of no more than 10 pounds with the left upper extremity, as it is not consistent with his monthly treatment notes, which document good control of pain, except in February 2014, approximately 2 months prior to his opinion and the claimant's disability hearing. Additionally, the claimant is right hand dominant and has no significant functional limitation in the right upper extremity. The undersigned gives some weight to the portion of the opinion that limits the claimant to no more than frequent postural motions, as this is generally consistent with the overall medical record discussed above, although the undersigned has included limitations for no more than occasional kneeling and crawling, as well as environmental restrictions.

(Tr. 23). The ALJ's reasoning is supported by substantial evidence. The ALJ considered that Dr. Salahi's lifting/carrying limitation was not consistent with his treatment notes consistently noting Plaintiff had good control of pain except in February 2014, approximately two months before claimant's disability hearing (Tr. 23, 291-92, 294, 296, 298, 300, 302, 304, 306, 308, 313, 317, 346, 348, 381, 384, 387, 389, 392, 394, 396, 398, 400, 402, 405, 410, 412, 418-19). Plaintiff contends that his pain was not controlled and was between 5-8 on a pain scale fairly consistently.

(Doc. 14 p. 10). In her decision, however, the ALJ addressed Plaintiff's moderately high pain scores and noted that they often coincided with Plaintiff reporting that he had been out of medication. (Tr. 21, 296, 302, 304, 384, 389). Further, the ALJ noted that despite Plaintiff's periodic reports of pain increase, Plaintiff continued to report good relief or pain control with his medication and refused changes to his medication regimen. (Tr. 21-22, 288, 294, 298, 300, 315, 352, 381, 389-90, 396, 400, 405, 410).

Substantial evidence supports the ALJ's determination that that Dr. Salahi's limitation to carrying/lifting no more than 10 pounds was not consistent with the fact that Plaintiff had no significant limitation in his dominant right hand. (Tr. 23). As Defendant notes, Plaintiff's reported pain and sensitivity and the positive examination findings in Dr. Salahi's notes such as allodynia, hyperalgesia, decreased grip strength, and mottling of the skin, which the ALJ considered and noted in his decision, related specifically to Plaintiff's left hand and wrist. (Tr. 20-22, 288-89, 291-92, 296, 298, 300, 308-09, 311-13, 315, 317, 342, 344, 346, 348, 350, 381, 385, 387, 390, 394, 398, 400, 402, 405-08, 412, 416, 418). Plaintiff testified he was right hand dominant (Tr. 46), and the ALJ considered Dr. Salahi's notes which showed Plaintiff had full strength (5/5) bilaterally throughout (Tr. 22, 288, 291-92, 296, 298, 300, 302, 306, 308, 311, 313, 315-18, 346, 348, 351-52, 381, 384-85, 387, 389-90, 394, 398, 400, 402, 405, 407-08, 412, 414-15, 431).

Plaintiff fails to identify any evidence in the record that conflicts with the ALJ's determination that Plaintiff could perform a range of light work with postural, manipulative, and environmental limitations. It was Plaintiff's burden to demonstrate that he was disabled. He has failed to meet this burden and the Court will not reweigh the evidence on appeal.

To the extent that Plaintiff argues that the ALJ erred by failing to explain the weight he accorded to each treatment note from Dr. Salahi, the Court rejects this argument. The Court does

not read *Winschel* to stand for the proposition that the ALJ must weigh every statement contained in a physician's treatment notes. Here, the ALJ fairly addressed and summarized Plaintiff's treatment notes from Dr. Salahi and expressly weighed Dr. Salahi's April 2014 opinion.

By finding that substantial evidence supported the ALJ's RFC determination the Court does not mean that there is no evidence that runs contrary to the ALJ's conclusions. As noted above, however, substantial evidence "is such relevant evidence as a reasonable person would accept as adequate support to a conclusion" and "[e]ven if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford*, 363 F.3d at 1158. Here, the ALJ's decision is supported by such evidence that a reasonable person would accept as adequate. Plaintiff has failed to carry his burden on demonstrating disability. Accordingly, the Court will not disturb the ALJ's findings.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on June 27, 2017.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties